FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 19 2022

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PATTY WELLS AND CHELBRA**
**WASHINGTON, individually and**
**on behalf of all others similarly situated**                **PLAINTIFFS**

V.                    CASE NO. 4:22-CV-664-BRW

**THE SPA'AH, LLC AND**
**R. MICHELLE CHRISTEN**                                       **DEFENDANTS**

### CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Patty Wells and Chelbra Washington, individually and on behalf of all others similarly situated, by and through her attorneys Chris Burks and Stewart Whaley of WH LAW, for her Class and Collective Action Complaint against Defendants The Spa'Ah, LLC and R. Michelle Christen, she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.  This is a class action and a collective action brought by Plaintiffs Patty Wells and Chelbra Washington, individually and on behalf of all other licensed aestheticians and massage therapists employed by Defendants at any time within a three-year period preceding the filing of this Complaint.

    *This case assigned to District Judge Wilson*
    *and to Magistrate Judge Ervin*

2.  Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendants' failure to pay Plaintiffs and other licensed aestheticians and massage therapists lawful minimum wage

Page 1 of 19

compensation for hours worked under forty (40) per week and a lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendants do business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to wage violations alleged in this Complaint reside in this District.

10. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

11. Plaintiffs repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Plaintiffs are residents and citizens of White County.

13. Plaintiff Patty Wells was employed by Defendants as a licensed aesthetician within the three years relevant to this lawsuit.

14. Plaintiff Chelbra Washington was employed by Defendants as a massage therapist within the three years relevant to this lawsuit.

15. At all material times, Plaintiffs have been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

16. Defendant The Spa'Ah, LLC is a domestic limited liability company, registered and licensed to do business in the State of Arkansas.

17. Defendant The Spa'Ah, LLC's registered agent for service of process in Arkansas is R. Michelle Christen, who is able to be served at 2501 Dave Ward Dr., Ste. A17, Conway, AR 72034.

18. Defendant R. Michelle Christen is a principal, director, and/or operator of the company. She is able to be served at 2501 Dave Ward Dr., Ste. A17, Conway, AR 72034.

19. Defendants The Spa'Ah, LLC and R. Michelle Christen are jointly an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class and collective. Christen set and directed the pay policies at issue in this matter.

20. Defendant The Spa'Ah, LLC is a retail provider of spa and salon treatments to clients, including massages, aesthetics, and hair styling.

21. During the time period relevant to this case, Plaintiffs were employed at Defendant The Spa'Ah, LLC's main location in Conway, Arkansas.

22. Defendant The Spa'Ah, LLC, has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as supplies used to provide massages and aesthetic services.

23. Defendant The Spa'Ah, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.   FACTUAL ALLEGATIONS

24. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

25. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Wells worked for Defendants as a licensed aesthetician.

26. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Washington worked for Defendants as a massage therapist.

27. For the duration of their employment, Defendants classified Plaintiffs as employees, and paid them forty percent of the amounts it charged to its clients for the work they performed.

28. For the duration of their employment, Defendant classified other licensed aestheticians and massage therapists as employees, and paid them a percentage of the amount it charged its clients for the work they performed.

29. At all relevant times hereto, Plaintiffs and other licensed aestheticians and massage therapists used materials, tools, and equipment provided by Defendants to complete their job duties.

30. At all relevant times hereto, Plaintiffs and other licensed aestheticians and massage therapists had a continuing relationship with the Defendants, where they worked in Defendants' Conway facility for months or years, providing aesthetic and massage services to Defendants' clients.

31. At all relevant times hereto, Plaintiffs and other licensed aestheticians and massage therapists worked solely or primarily for Defendants in Defendants' Conway location, providing aesthetic and massage services for Defendants' clients, and Defendants set the hours and schedule for Plaintiffs and other licensed aestheticians and massage therapists.

32. At all relevant times hereto, Defendants determined when and how the services provided by Plaintiffs and other licensed aestheticians and massage therapists would be performed, and paid Plaintiffs and other licensed aestheticians and massage therapists on a set schedule.

33. At all relevant times hereto, Plaintiffs and other licensed aestheticians and massage therapists did not exercise control over the hours they worked, the services they provided to clients, the prices set for their services, or their job duties, aside from the normal control and feedback between employees and their employer.

34. Plaintiffs and other licensed aestheticians and massage therapists did not have an investment or ownership interest in Defendants' business or operations.

35. Defendants at all times relevant hereto maintained an employer-employee relationship with Plaintiffs and other licensed aestheticians and massage therapists, and only treated them as independent contractors for taxes and for Defendants' convenience.

36. Defendants did not pay Plaintiffs and other licensed aestheticians and massage therapists a lawful minimum wage for hours worked under forty (40) in a workweek.

37. Defendants did not pay Plaintiffs and other licensed aestheticians and massage therapists a lawful overtime premium rate for hours worked in excess of forty (40) hours per week throughout their tenure with Defendants.

38. As a result of their misclassification as independent contractors, Defendants failed to pay Plaintiffs and other licensed aestheticians and massage therapists a lawful minimum wage rate and a lawful overtime premium rate as required under FLSA and AMWA.

39. The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly for all licensed aestheticians and massage therapists who Defendants employed to provide services to its clients.

40. Defendants knew or showed reckless disregard for whether the way they paid, or failed to pay, Plaintiffs and other licensed aestheticians and massage therapists violated the FLSA and AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

41.    Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

42.    Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43.    Plaintiffs bring their FLSA claims on behalf of all licensed aestheticians and massage therapists employed by Defendants at any time within the applicable statute of limitations period, who were misclassified by Defendants as independent contractors.

44.    As a result of their misclassification as independent contractors, Plaintiffs and other licensed aestheticians and massage therapists were not paid a lawful minimum wage and overtime premium rate of FLSA and AMWA, and they are entitled to payment of the following types of damages:

A.    Payment for all hours worked, including payment of a lawful minimum wage payment for all hours worked for Defendants under forty (40) in a workweek and a lawful overtime premium for all hours worked for Defendants in excess of forty (40) hours in a workweek;

B.    Liquidated damages; and

C.    Attorneys' fees and costs.

45.    The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

46. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

    A. They were subject to Defendants' common policy of misclassifying aesthetician and massage therapist employees as independent contractors;

    B. They were paid only a percentage of the amount Defendants charged to clients for their services;

    C. As a result of this misclassification, they were not paid a lawful minimum wage rate for hours worked under forty (40) in a workweek; and

    D. As a result of this misclassification, they were not paid a lawful overtime premium rate for hours worked over forty (40) in a workweek.

47. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

48. Defendants can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action Plaintiffs via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

### B. AMWA Rule 23 Class

49. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. Plaintiffs propose to represent the class of licensed aestheticians and massage therapists who are/were employed by Defendants within the relevant time period within the State of Arkansas.

51. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendants' intentional misclassification of its employees as independent contractors, Defendants paid members of the proposed class a lawful minimum wage and overtime wage in accordance with the AMWA.

52. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiffs, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

53. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

54. Plaintiffs are unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

55. At the time of the filing of this Complaint, neither Plaintiffs nor Plaintiffs' counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

56. Concentrating the litigation in this forum is highly desirable because Defendants' Conway location is based in the Eastern District of Arkansas and because Plaintiffs and all proposed class members work or worked in Arkansas.

57. No difficulties are likely to be encountered in the management of this class action.

58. The claims of Plaintiffs are typical of the claims of the proposed class in that Plaintiffs worked for Defendants and experienced the same violations of the AMWA that all other class members suffered.

59. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

60. Plaintiffs' counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

61. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendants.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

62. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

63. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

64. During the period relevant to this lawsuit, Defendants classified Plaintiffs as independent contractors, and treated them as exempt from the minimum wage and overtime requirements of the FLSA.

65. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs a lawful minimum wage for all hours worked under forty (40) in each one-week period and an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

66. Defendants' failure to properly pay minimum wage and overtime wages to Plaintiffs stems from Defendants' acts of misclassifying Plaintiffs as independent contractors, and only paying her a percentage of the amount Defendants charged to its clients for her aesthetic services.

67. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

68. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for, and Plaintiffs seek, unpaid minimum wages, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

69. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

70. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

71. Plaintiffs bring this collective action on behalf of all licensed aestheticians and massage therapists employed by Defendants to recover monetary damages owed by Defendants to Plaintiffs and members of the putative collective for a minimum wage compensation for all hours she and they worked under forty (40) in a workweek and a lawful overtime compensation for all the hours she and they worked in excess of forty (40) each week.

72. Plaintiffs bring this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

73. During the period relevant to this lawsuit, Defendants misclassified Plaintiffs and all similarly situated members of the FLSA collective as independent contractors, and thus, exempt from the minimum wage and overtime requirements of the FLSA.

74. Despite the entitlement of Plaintiffs and those similarly situated to minimum wage and overtime payments under the FLSA, Defendants failed to pay Plaintiffs and all those similarly situated a minimum wage rate for all hours worked under forty (40) in each one-week period and an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

75. In the past three years, Defendants have employed hundreds of licensed aestheticians and massage therapists.

76. Like Plaintiffs, these employees only received a percentage of the amount Defendants charged to its clients for their services, regardless of the number of hours they worked in a workweek.

77. Defendants failed to pay these workers at the proper minimum wage rate.

78. Defendants failed to pay these workers at the proper overtime rate.

79. Because these employees are similarly situated to Plaintiffs, and are owed minimum wage and overtime payments for the same reasons, the opt-in class may be properly defined as:

> **Each licensed aesthetician and massage therapist who, within the three years preceding the filing of this Complaint, was paid only a percentage of the amount Defendants charged for their services, and was not paid a minimum wage or overtime rate for the hours worked in a workweek.**

80. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

81. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid minimum wages, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

82. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
## (Individual Claims for Violation of the AMWA)

83. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

84. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

85. At all relevant times, Defendants were jointly Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

86. Arkansas Code Annotated § 11-4-210 requires employers to pay all employees a minimum wage rate of not less than nine dollars and twenty-five cents ($9.25) per hour beginning January 1, 2019; a rate of not less than ten dollars ($10.00) per hour beginning January 1, 2020; and a rate of not less than eleven dollars ($11.00) per hour beginning January 1, 2021.

87. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

88. Defendants failed to pay Plaintiffs all minimum wages and overtime wages owed as required under the AMWA.

89. Defendants' failure to properly pay minimum wages and overtime wages to Plaintiffs stems from Defendants' acts of intentionally misclassifying Plaintiffs as an independent contractor, and thus treating her as exempt from minimum wage and overtime wage rate requirements under AMWA.

90. Defendants' misclassification of Plaintiffs as an independent contractor resulted in a failure to pay Plaintiffs a lawful minimum wage during weeks in which Plaintiffs worked under forty (40) hours and a full and complete overtime during weeks in which Plaintiffs worked more than forty (40) hours.

91. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

92. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

93. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.  FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

94. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

95. Plaintiffs, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

96. At all relevant times, Defendants have been and continues to be the "employer" of Plaintiffs and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

97.     Arkansas Code Annotated § 11-4-210 requires employers to pay all employees a minimum wage rate of not less than nine dollars and twenty-five cents ($9.25) per hour beginning January 1, 2019; a rate of not less than ten dollars ($10.00) per hour beginning January 1, 2020; and a rate of not less than eleven dollars ($11.00) per hour beginning January 1, 2021.

98.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

99.     Defendants failed to pay Plaintiffs and members of the proposed class all minimum wages and overtime wages owed as required under the AMWA.

100.    Defendants' failure to properly pay minimum wages and overtime wages to Plaintiffs and members of the proposed class stems from Defendants' acts of illegally misclassifying Plaintiffs and other similarly situated individuals as independent contractors, and thus treating them as exempt from minimum wage and overtime wage rate requirements under AMWA.

101.    Defendants' misclassification of Plaintiffs and members of the proposed class as independent contractors resulted in a failure to pay Plaintiffs and similarly situated employees a lawful minimum wage during weeks in which Plaintiffs worked under forty (40) hours and a full and complete overtime during weeks in which Plaintiffs worked more than forty (40) hours.

102.    Plaintiffs propose to represent a class of individuals who are owed minimum wages, overtime wages, and other damages for the same reasons as Plaintiffs, which may be defined as follows:

> **Each licensed aesthetician and massage therapist who, within the three years preceding the filing of this Complaint, was paid only a percentage**

**of the amount Defendants charged for their services, and was not paid a minimum wage or overtime rate for the hours worked in a workweek.**

103. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

104. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

105. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and members of the proposed class as provided by the AMWA, Plaintiffs and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Patty Wells and Chelbra Washington respectfully prays that Defendants be summoned to appear and to answer herein as follows:

(A) That Defendants be required to account to Plaintiffs, the class, and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B) A declaratory judgment that Defendants' practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendants' practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E) Judgment for damages for all unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F) Judgment for damages for all unpaid minimum wage and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I) An order directing Defendants to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Patty Wells and Chelbra Washington, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:   */s/ Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law
Stewart Whaley (ABN: 2009084)
stewart@wh.law